188 N.J. Super. 361 (1982)
457 A.2d 841
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH STENSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 16, 1982.
Decided November 30, 1982.
*362 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
James H. Walzer, designated counsel, argued the cause for appellant (Joseph H. Rodriguez, Public Defender, attorney).
John M. Fahy, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney).
PER CURIAM.
This appeal raises a merger issue where, based on the same series of criminal events involving one victim, defendant was convicted of premeditated murder, felony murder and the underlying felonies.
Hudson County Indictment 746-78, in 16 counts, charged defendant with (1) felony murder while committing armed robbery, contrary to N.J.S.A. 2A:141-1, N.J.S.A. 2A:151-5, N.J.S.A. 2A:113-1 and N.J.S.A. 2A:113-2; (2) felony murder while committing a robbery, contrary to N.J.S.A. 2A:138-1, N.J.S.A. 2A:151-5, N.J.S.A. 2A:113-1 and N.J.S.A. 2A:113-2; (3) armed murder, contrary to N.J.S.A. 2A:113-1, N.J.S.A. 2A:113-2 and N.J.S.A. 2A:151-5; (4) murder, contrary to N.J.S.A. 2A:113-1 and N.J.S.A. 2A:113-2; (5) felony murder while committing a *363 robbery, contrary to N.J.S.A. 2A:113-1 and N.J.S.A. 2A:113-2; (6) felony murder while committing a rape, contrary to N.J.S.A. 2A:138-1, N.J.S.A. 2A:113-1 and N.J.S.A. 2A:113-2; (7) armed assault with intent to kill, contrary to N.J.S.A. 2A:90-2 and N.J.S.A. 2A:151-5; (8) assault with intent to kill, contrary to N.J.S.A. 2A:90-2; (9) armed assault, contrary to N.J.S.A. 2A:90-3; (10) armed robbery, contrary to N.J.S.A. 2A:141-1 and N.J.S.A. 2A:151-5; (11) robbery, contrary to N.J.S.A. 2A:141-1; (12) armed rape, contrary to N.J.S.A. 2A:138-1 and N.J.S.A. 2A:151-5; (13) rape, contrary to N.J.S.A. 2A:138-1; (14) possession of a dangerous weapon, contrary to N.J.S.A. 2A:151-41; (15) unlawful use of a dangerous weapon, a knife, contrary to N.J.S.A. 2A:151-56, and (16) unlawful use of a dangerous weapon, a bludgeon, contrary to N.J.S.A. 2A:151-56.
Tried to a jury, the defendant was found guilty of all 16 counts. Defendant received a life sentence to State Prison for murder. Additionally, the trial judge imposed sentences of 15 to 20 years for rape, to run consecutively to the sentence imposed for murder, and five to ten years for robbery, to run concurrently with the sentence imposed for murder. For the armed feature of the crimes of murder, rape and robbery, sentences to three separate terms of two to three years, to run concurrently with the sentences imposed for the murder, rape and robbery, respectively, were imposed. The judgment of conviction provided that "All remaining counts have been vacated as surplusage or merged into the remaining four counts." In so doing the trial judge rejected defendant's contention that a proper application of the doctrine of merger precluded separate sentences for the rape and robbery which were the underlying felonies upon which the vacated felony murders were based.
Defendant contends as follows:
POINT I  THE COURT ERRED IN ITS DECISION REGARDING MURDER.
POINT II  THE COURT ERRED IN ADMITTING INTO EVIDENCE THE STATEMENTS OF THE DEFENDANT.

*364 POINT III  THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR A NEW TRIAL ON THE GROUNDS THAT THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE. (Not Raised Below)
After a careful review of the record and the arguments advanced by counsel we conclude that these contentions are clearly without merit. R. 2:11-3(e)(2).
With respect to the contention urging error as regards the trial judge's refusal to merge all counts into one conviction for premeditated murder, we affirm substantially for the reasons expressed in Judge Bilder's opinion reported in State v. Stenson, 174 N.J. Super. 402 (Law Div. 1980).
Affirmed.