STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
TERRENCE R. SCALES, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 22, 1989—Decided March 9, 1989.

Before Judges MICHELS, MUIR, Jr. and KEEFE.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*Thomas Miller,* Designated Counsel, of counsel and on the brief).

*Peter N. Perretti, Jr.,* Attorney General of New Jersey, attorney for respondent (*Chana Barron,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM.

Tried to a jury in connection with the death of Paul Harris, Jr., defendant Terrence R. Scales was convicted of murder, in violation of *N.J.S.A.* 2C:11–3a(1), *N.J.S.A.* 2C:11–3a(2) and *N.J.S.A.* 2C:2–6 (Second Count); felony murder, in violation of *N.J.S.A.* 2C:11–3a(3) and *N.J.S.A.* 2C:2–6 (Third Count); first degree robbery, in violation of *N.J.S.A.* 2C:15–1 and *N.J.S.A.* 2C:2–6 (Fourth Count); armed robbery, in violation of *N.J.S.A.* 2C:15–1 and *N.J.S.A.* 2C:2–6 (Fifth Count), and two counts of theft, in violation of *N.J.S.A.* 2C:20–3 and *N.J.S.A.* 2C:2–6 (Sixth and Seventh Counts). Harris was strangled and his car stolen by defendant and codefendant Howard Thompson, Jr.

The jury, following a death penalty hearing, deadlocked regarding the issue of whether to impose the death penalty.

Thereafter, the trial court granted the State's motion to sentence defendant to an extended term of imprisonment on the ground that he was a persistent offender. *N.J.S.A.* 2C:44–3a and *N.J.S.A.* 2C:43–7. The trial court merged defendant's convictions for theft under the Sixth and Seventh Counts into the conviction for armed robbery under the Fifth Count. It also merged defendant's first degree robbery conviction under the Fourth Count into the conviction for armed robbery under the Fifth Count, and merged defendant's armed robbery conviction under the Fifth Count into the felony murder conviction under the Third Count. The trial court thereupon committed defendant to the custody of the Commissioner of the Department of Corrections for a life term, with a 40–year period of parole ineligibility, to be served consecutively to any sentence imposed upon defendant for parole violations that might be outstanding, and imposed a $600 penalty payable to the Violent Crimes Compensation Board (VCCB), for the conviction for murder under the Second Count. In addition, the trial court committed defendant to a concurrent 20–year term of imprisonment with a ten-year period of parole ineligibility, and imposed a $25 VCCB penalty, for the conviction for armed robbery under the Fifth Count.[1] Defendant appeals.

Defendant seeks a reversal of his convictions or, alternatively, a modification of his sentences on the following grounds set forth in his brief:

---

[1] For purposes of sentencing, defendant's conviction for felony murder under the Third Count merged with the conviction for the knowing, purposeful murder under the Second Count. Therefore, on remand an appropriate amendatory judgment of conviction and order of commitment should be entered to reflect the merger of these convictions. *See, e.g., State v. Martin,* 213 *N.J.Super.* 426, 428 (App.Div.1986), certif. granted, 108 *N.J.* 654 (1987); *State v. Cohen,* 211 *N.J.Super.* 544, 547 (App.Div.1986), certif. den., 107 *N.J.* 115 (1987). *Cf. State v. Stenson,* 174 *N.J.Super.* 402, 406–407 (Law Div.1980), aff'd o.b., 188 *N.J.Super.* 361, 364 (App.Div.1982), certif. den., 93 *N.J.* 268 (1983).

I. THE TRIAL COURT ERRED IN DENYING DEFENSE COUNSEL'S MO-
TION TO SUPPRESS THE TESTIMONY OF AN INMATE-INFORMANT
WHO TESTIFIED ON BEHALF OF THE STATE.
II. THE SENTENCE IMPOSED, INVOLVING A LIFE IMPRISONMENT
TERM WITH A 40-YEAR PAROLE DISQUALIFIER REGARDING THE
MURDER CONVICTION, WAS ILLEGAL.
III. THE SENTENCE IMPOSED WAS MANIFESTLY EXCESSIVE.

First, we are satisfied from our study of the record in light of
the arguments presented that the trial court properly denied
defendant's motion to suppress statements that he made to
Stanley Kathcart while both were inmates at the Mercer Coun-
ty Detention Center, and that all of the contentions raised by
defendant with respect to the challenge to the denial of his
motion to suppress are clearly without merit. *R.* 2:11–3(e)(2).
We, therefore, affirm the order of the Law Division under
review substantially for the reasons expressed by Judge De-
Martin in his written opinion reported as *State v. Scales*, 217
*N.J.Super.* 258 (Law Div.1986). *See also Kuhlmann v. Wil-
son*, 477 *U.S.* 436, 459, 106 *S.Ct.* 2616, 2630, 91 *L.Ed.*2d 364,
384–385 (1986); *Brooks v. Kincheloe*, 848 *F.*2d 940, 945 (9th
Cir.1988); *United States v. Harris*, 738 *F.*2d 1068, 1071 (9th
Cir.1984); *United States v. Hearst*, 563 *F.*2d 1331, 1347–1348
(9th Cir.1977), *cert.* den., 435 *U.S.* 1000, 98 *S.Ct.* 1656, 56
*L.Ed.*2d 90 (1978).

■ We, therefore, turn to defendant's challenge to the legal-
ity of the sentence imposed upon him for murder under the
Second Count. Defendant contends that the term of life impris-
onment with a 40–year period of parole ineligibility for the
murder was illegal in view of the sentencing options of *N.J.S.A.*
2C:11–3b. The State concedes that the maximum parole ineligi-
bility term that could be imposed for murder pursuant to the
statute was 30 years. We agree and modify the parole ineligi-
bility term.

At the time of the commission of the crime in September
1984, *N.J.S.A.* 2C:11–3b of the New Jersey Code of Criminal
Justice (Code) provided:

Murder is a crime of the first degree but a person convicted of murder may be sentenced, except as provided in subsection c. of this section, by the court to a term of 30 years, during which the person shall not be eligible for parole or to a specific term of years which shall be between 30 years and life imprisonment of which the person shall serve 30 years before being eligible for parole.

Under this section of the Code (which had been amended by *L.*1982, *c.* 111, § 1, effective August 6, 1982), three alternative sentences for murder could be imposed: (1) death; (2) a sentence of 30 years without parole, and (3) a sentence between 30 years and life, with a 30–year term of parole ineligibility. *State v. Biegenwald,* 96 *N.J.* 630, 635 (1984); *State v. Martin,* 213 *N.J.Super.* 426, 440 (App.Div.1986), certif. granted, 108 *N.J.* 654 (1987); *State v. Johnson,* 206 *N.J.Super.* 341, 344 (App.Div. 1985), certif. den., 104 *N.J.* 382 (1986). *Cf. State v. Kelly,* 207 *N.J.Super.* 114, 124 (App.Div.1986). In light of the language of *N.J.S.A.* 2C:11–3b, the maximum parole ineligibility term that could be imposed for murder was 30 years. *See State v. Thomas,* 224 *N.J.Super.* 221, 230 (App.Div.1988).

Hence, the imposition upon the life sentence of a 40–year period of parole ineligibility was illegal and must be modified to a 30–year period of parole ineligibility. Although defendant was a persistent offender and may have been subject to an extended term on his other convictions, he could not be sentenced to an extended term for the murder. Since August 1982 murder has not been a crime for which an extended term may be imposed under *N.J.S.A.* 2C:43–7. *See State v. Biegenwald, supra,* 96 *N.J.* at 635–636; *State v. Serrone,* 95 *N.J.* 23, 25–26 (1983).

Consequently, we modify defendant's sentence to life imprisonment with a 30–year period of parole ineligibility for the conviction for murder under the Second Count. As so modified, we are satisfied that the sentence is neither manifestly excessive nor unduly punitive. Moreover, it does not constitute a miscarriage of justice and does not shock the judicial conscience. *See State v. Roth,* 95 *N.J.* 334, 362–366 (1984); *State v. Whitaker,* 79 *N.J.* 503, 512–517 (1979).

Accordingly, except to modify the parole ineligibility term imposed for murder under the Second Count, the judgment of conviction and order of commitment under review are affirmed. The matter is remanded to the trial court for the entry of an amendatory judgment of conviction and order of commitment consistent with the decision of this court.