**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4507-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARLOS COLON,

    Defendant-Appellant.

_____

Submitted March 11, 2019 – Decided March 25, 2019

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 84-09-2638.

Carlos Colon, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Carlos Colon, pro se, appeals the trial court's April 18, 2018 order denying his motion to correct an allegedly illegal sentence. We affirm.

In 1985, defendant unconditionally pled guilty to all three counts of an indictment charging him with felony murder, N.J.S.A. 2C:11-3(a)(3), first-degree robbery, N.J.S.A. 2C:15-1, and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). The latter two counts merged at sentencing into the felony murder count. The trial court imposed a life sentence with a thirty-year period of parole ineligibility.

Defendant argues his sentence is illegal because New Jersey law allegedly does not authorize the imposition of a life sentence with a thirty-year parole disqualifier as a punishment for murder. Not so. N.J.S.A. 2C:11-3(b)(1) clearly provides that, subject to certain exceptions not applicable here, a defendant convicted of murder "shall be sentenced . . . to a term of 30 years, during which the person shall not be eligible for parole, or be sentenced to a specific term of years which shall be between 30 years and life imprisonment of which the person shall serve 30 years before being eligible for parole." (Emphasis added). See also State v. Scales, 231 N.J. Super. 336, 340 (App. Div. 1989) (holding that, as the result of 1982 amendments to the Criminal Code, "three alternative sentences for murder could be imposed: (1) death; (2) a sentence of 30 years without

A-4507-17T1

parole; and (3) a sentence between thirty years and life, with a 30-year term of parole ineligibility.").

Defendant's sentence comports with these requirements. None of the cases he cites in his brief support a contrary result. The "life" component of his sentence is lawful and did not require a numeric designation of years. See Ibid. (modifying a life sentence with a forty-year parole disqualifier to a life sentence with a thirty-year parole disqualifier); see also State v. Carroll, 242 N.J. Super. 549, 566 (App. Div. 1990) (modifying a life sentence with a fifty-year parole disqualifier to a life sentence with a thirty-year parole disqualifier); State v. Thomas, 224 N.J. Super. 221, 230-31 (App. Div. 1988) (noting that the imposition of a life sentence upon a defendant found guilty of murder is "beyond challenge," but modifying the parole disqualifier to comport with N.J.S.A. 2C:11-3(b)).

Defendant's citation to State v. Townsend, 186 N.J. 473 (2006) is unavailing because that case concerned an extended term for murder and N.J.S.A. 2C:43-7 rather than, as here, an ordinary term for murder under N.J.S.A. 2C:11-2. Id. at 485 n.2.

Defendant's separate argument claiming that he was not sufficiently informed of the nature of the charges he was facing before entering his guilty

plea more than thirty years ago was not raised below, could have been raised long ago, and, for that matter, has not been shown to have any merit.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4507-17T1