**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3602-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SEAN MALCOLM,

    Defendant-Appellant.

_____

Submitted January 28, 2019 – Decided May 17, 2019

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 02-10-2257.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Sean Malcolm appeals from the Law Division order denying his motion to correct an illegal sentence for the conviction of felony murder and other related offenses. For the reasons that follow, we affirm.

We need not detail the procedural history, trial or post-trial litigation that proceed this appeal, as they are fully detailed in our unpublished opinions affirming defendant's conviction but reversing and remanding for resentencing, and affirming the denial of defendant's petition for post-conviction relief (PCR). State v. Malcolm, No. A-3186-04 (App. Div. May 22, 2007); State v. Malcolm, No. A-3187-09 (July 24, 2012). A brief summary will suffice.

Following a four-week jury trial in 2003, defendant was found guilty of felony murder, aggravated assault, burglary and related weapon offenses arising from the shooting death of Carlos Phillips on May 7, 2002. After merger, he was sentenced to an aggregate prison term of fifty years, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

We affirmed defendant's conviction on appeal, but vacated his sentence and remanded for re-sentencing.[1] On remand, the trial court reduced defendant's aggregate prison term from fifty years to thirty years subject to NERA.

---

[1] Defendant's petition for certification was denied. State v. Malcolm, 192 N.J. 481 (2007).

Defendant thereafter filed a petition for PCR alleging that he was deprived of the effective assistance of trial and appellate counsel. The PCR judge rejected the claim that the jury charges on accomplice liability and cross-racial identification were flawed, and after an evidentiary hearing, she found that counsel made a reasonable "strategic decision" not to call possible alibi witnesses. In addition, the judge found defendant's testimony lacking credibility to sustain any PCR claim.

We affirmed the denial of PCR, but remanded the matter, directing the judge to address defendant's allegation that a juror was improperly influenced to find him guilty. On remand, following an evidentiary hearing, a different PCR judge entered an order denying relief based on the finding that there was no evidence of misconduct. Defendant did not appeal that order.

This brings us to the current appeal from the denial of defendant's motion to correct an illegal sentence, Rules 3:21-10(b)(4) and -10(6)(2). In the motion, filed about three years after the denial of PCR, defendant contended that his thirty-year NERA prison term was manifestly excessive, and that the trial court failed to consider mitigating factors four, seven, nine, eleven and thirteen. N.J.S.A. 2C:44-1(b)(4) (substantial grounds tending to excuse or justify defendant's conduct); -1(b)(7) (no prior convictions or criminal history); -

1(b)(9) (unlikely to commit another offense); -1(b)(11) (the imprisonment would entail excessive hardship to defendant or his dependents); and -1(b)(13) (substantially influenced by a more mature person than he). He also sought to be released from prison under Rule 3:21-10(b)(2), due to diabetes, high blood pressure and other health issues. Finding no legal error in his sentencing and no medical basis for early release, the trial judge entered an order denying the motion.[2]

Before us, defendant raises the following argument:

> POINT I
>
> DEFENDANT SHOULD BE RESENTENCED
> BECAUSE HIS SENTENCE IS ILLEGAL, THE
> RESENTENCING JUDGE FAILED TO CONSIDER
> CERTAIN MITIGATING FACTORS, AND HE
> SUFFERS CERTAIN MEDICAL INFIRMITIES
> THAT ENTITLE HIM TO RELEASE UNDER
> [RULE] 3:21-10(B)(2).

In his first argument, defendant asserts that his thirty-year NERA prison term imposed upon resentencing for felony murder was "manifestly excessive," and "violated [his] constitutional right under Blakely v. Washington[, 542 U.S. 296 (2004)] and State v. Natale[,184 N.J. 458 (2005)]." He is incorrect.

---

[2] A transcript of the judge's oral decision is unavailable because according to the trial court the audiotape is missing.

An illegal sentence is one that is contrary to the Code of Criminal Justice or constitutional principles. State v. Acevedo, 205 N.J. 40, 45 (2011). N.J.S.A. 2C:11-3(b)(1) clearly provides, subject to certain exceptions not applicable here, that the term of imprisonment for felony murder is either "a term of 30 years, during which the person shall not be eligible for parole, or . . . a specific term of years which shall be between 30 years and life imprisonment of which the person shall serve 30 years before being eligible for parole." See also State v. Scales, 231 N.J. Super. 336, 340 (App. Div. 1989) (holding that, as the result of 1982 amendments to the Criminal Code, "three alternative sentences for murder could be imposed: (1) death; (2) a sentence of 30 years without parole; and (3) a sentence between thirty years and life, with a 30-year term of parole ineligibility."). Defendant's sentence comports with these requirements. Also, the period of parole ineligibility that was imposed under NERA was appropriate given that felony murder is an enumerated offense in N.J.S.A. 2C:43-7.2.

Additionally, none of the cases defendant cites in his brief support his contention that his sentence was illegal. The United States Supreme Court ruled in Blakely "that a sentence based on judicial [fact finding] that exceeds the maximum sentence authorized by either a jury verdict or a defendant's admissions at a plea hearing runs afoul of the Sixth Amendment right to trial by

jury." Natale, 184 N.J. at 465-66 (citing Blakely, 542 U.S. at 304). Yet, "the traditional discretionary power of a judge to sentence within the applicable sentencing range authorized by the verdict or the defendant's guilty plea[]" remains. Id. at 477 (citing Blakely, 542 U.S. at 307-08).

Adhering to the principles articulated in Blakely, our Supreme Court in Natale held that,

> [a]side from the exceptions for prior criminal convictions and consent to judicial [fact finding], the Sixth Amendment prohibits a judge from imposing a sentence greater than that allowed by the jury verdict or by the defendant's admissions at a plea hearing. Those are the constitutional boundaries for the exercise of a judge's discretion at sentencing.
>
> [184 N.J. at 482.]

To curb violation of this guideline, the Court went on to state:

> [the] best [way to] preserve the major elements of our sentencing code and cause the least disruption to our criminal justice system[ is to] eliminate[] the presumptive terms. Without presumptive terms, the "statutory maximum" authorized by the jury verdict or the facts admitted by a defendant at his guilty plea is the top of the sentencing range for the crime charged[.]
>
> Id. at 487.

Otherwise, "the sentencing process will remain essentially unchanged. Judges will continue to determine whether credible evidence supports the finding of

aggravating and mitigating factors and whether the aggravating or mitigating factors preponderate." Id.

Defendant's sentence does not conflict with Blakely nor Natale. No presumptive sentencing was applied, there was a balancing of aggravating and mitigating factors, and the sentence is within our sentencing guidelines.

Turning to defendant's argument that the motion judge was mistaken in not considering various mitigating factors, it is likewise without merit. Those arguments are not cognizable on a motion to correct an illegal sentence. See Acevedo, 205 N.J at 47 (citation omitted). That stated, the resentencing judge did consider mitigating factor seven. And, based upon our review of the record, we agree with the State that the other mitigating factors asserted by defendant do not apply. Even considering all of the mitigating factors defendant contends apply, he makes no showing that these factors would support a reasonable probability that his sentence would have been different if the minimum sentence permitted by N.J.S.A. 2C:11-3(b)(1) was imposed.

In addition, defendant argues that he should be granted an early release under Rule 3:21-10(b)(2) because he has "[h]ypertension, diabet[es,] . . .eye disease, [n]europathy . . . , and kidney failure." We see no merit to this claim.

7

Upon motion with supporting affidavits and such other documents and papers, a court has the discretion to release a defendant from prison because of an "illness or infirmity." R. 3:21-10(b)(2), -10(c); State v. Tumminello, 70 N.J. 187, 193 (1976). An inmate "must show that the medical services unavailable at the prison would be not only beneficial and, in the case of therapy, rehabilitative, but are essential to prevent further deterioration in his health." State v. Priester, 99 N.J. 123, 135 (1985). Further, an inmate must show that there has been a changed circumstance in health "since the time of the original sentence." Id. at 136. In addition, "among other factors . . . deem[ed] relevant to the determination of a[n] [early medical release] are the nature and severity of the crime, the severity of the sentence, the criminal record of the defendant, the risk to the public if the defendant is released, and the defendant's role in bringing about his current state of health." Id. at 137.

Defendant has not presented any affidavit or documents supporting his claim. In fact, he has been receiving medical care for his illnesses while imprisoned and he has not established that imprisonment has caused his condition to deteriorate or that the State is unable to address his medical needs. We are also mindful of the seriousness of defendant's felony murder offense.

A-3602-16T2

Consequently, we see no abuse in discretion in denying defendant's motion. Of course, defendant is free to refile his motion should his health situation change.

Finally, defendant contends that he should have been assigned counsel to assist him under Rule 3:21-10(c) in his motion for early release. While, as noted, there is no transcript of the trial judge's oral decision denying counsel, our review of the record identifies no good cause, as required by Rule 3:21-10(c), to assign counsel for defendant. Considering defendant may file another motion for early release, and he is currently represented by the Office of the Public Defender, he may seek the aid of counsel should he pursue early release due to poor health.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3602-16T2