**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3503-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRANCISCO VILLEGAS,

    Defendant-Appellant.

_____

        Submitted October 2, 2019 – Decided November 19, 2019

        Before Judges Sabatino and Sumners.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 93-02-0399.

        Francisco Villegas, pro se appellant.

        Jill S. Mayers, Acting Camden County Prosecutor, attorney for respondent (Linda Anne Shashoua, Special Deputy Attorney General/ Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 1995, a jury found defendant Francisco Villegas guilty of first-degree murder and unlawful possession of a weapon. He was sentenced under N.J.S.A. 2C:11-3(b)(1), to life in prison with a thirty-year period of parole ineligibility.[1] Almost twenty-three years later, he filed a motion to correct an illegal sentence.

Judge John T. Kelley denied the motion on February 6, 2018. In a succinct one-paragraph letter opinion, the judge found defendant's sentence was consistent with N.J.S.A. 2C:11-3(b)(1). The judge reasoned, "the statute does include 'life imprisonment' as a lawful term within the applicable sentencing range. In this situation, the word 'between' is inclusive, not exclusive, of the end points of the range as understood by the New Jersey State Legislature."

Defendant now appeals arguing:

> THE LAW DIVISION ERRED IN DENYING APPELLANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE AS THE SENTENCE IMPOSED OF LIFE WITH A 30-YEAR PERIOD OF PAROLE INELIGIBLITY IN THIS INSTANCE IS NOT AUTHORIZED BY N.J.S.A. 2C:11-3(b)(1) AND IS THEREFORE AN ILLEGAL SENTENCE.
>
> a. The Plain Language Of A Statute Controls.
>
> b. A Life Sentence Is Not Between 30 Years And Life

---

[1] He also received a five-year prison term for unlawful possession of a weapon to run consecutive to his life sentence.

A-3503-17T4

We disagree and affirm with only a brief discussion in this opinion because defendant's argument is so lacking in merit. R. 2:11-3(e)(2).

N.J.S.A. 2C:11-3(b)(1) states: "a person convicted of murder shall be sentenced . . . to a specific term of years which shall be between [thirty] years and life imprisonment of which the person shall serve [thirty] years before being eligible for parole." The comment following adds: "[m]urder has always been a crime of the first degree, and, as amended in 2007, the statute provides for only three sentences: [thirty] years without parole; a specific term of years between [thirty] years and life imprisonment, with [thirty] years required to be served before the person is eligible for parole; and life imprisonment without parole." Cannel, N.J. Criminal Code Annotated, cmt. 4 on N.J.S.A. 2C:11-3 (2018); see also State v. Scales, 231 N.J. Super. 336, 340 (App. Div. 1989) (holding that, as the result of 1982 amendments to the Criminal Code, "three alternative sentences for murder could be imposed: (1) death; (2) a sentence of 30 years without parole; and (3) a sentence between thirty years and life, with a 30-year term of parole ineligibility.").

Defendant seems to be arguing that his sentence must be lower than a life term, because the statute uses the term "between." That argument has no basis in the law or in logic. Thirty years is a number. The sentence in this case is

within the statutory range for first-degree murder and is therefore not illegal. See State v. King, 372 N.J. Super. 227, 243-44 (App. Div. 2004).

None of the cases defendant cites in his brief support a contrary result. The "life" component of his sentence is lawful and did not require a numeric designation of years.  See Scales, 231 N.J. Super. at 340. (modifying a life sentence with a forty-year parole disqualifier to a life sentence with a thirty-year parole disqualifier); see also State v. Carroll, 242 N.J. Super. 549, 566, (App. Div. 1990) (modifying a life sentence with a fifty-year parole disqualifier to a life sentence with a thirty-year parole disqualifier).  If defendant's argument is that the upper range of life is unlawful—that argument too misapprehends the law.  Life imprisonment is available as an ordinary sentence that may be imposed for murder. King, 372 N.J. Super at 244.  Because defendant's sentence does not exceed the maximum penalty provided by the Code or include a disposition that is not authorized by the Code, it is not an illegal sentence that can be challenged after entry of the judgment of conviction.  State v. Acevedo, 205 N.J. 40, 45-47 (2011).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3503-17T4