**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2621-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIAM A. MCCRAY,
a/k/a WILLIAM MCCRAY,
and WILLIAM DENUMS,

     Defendant-Appellant.

_____

     Argued September 28, 2022 – Decided October 6, 2022

     Before Judges Messano and Gummer.

     On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 90-05-1387.

     Patricia B. Quelch argued the cause for appellant (Helmer, Conley & Kasselman, PA, attorneys; Patricia B. Quelch, of counsel and on the brief).

     Catlin A. Davis, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Acting Attorney General, attorney; Catlin A. Davis, of counsel and on the brief).

PER CURIAM

In 1991, a jury convicted defendant of several crimes: including first-degree purposeful or knowing murder, N.J.S.A. 2C:11-3(a); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree armed robbery, N.J.S.A. 2C:15-1; third-degree hindering, N.J.S.A. 2C:29-3(b)(1); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).

On the murder conviction, the judge sentenced defendant to life in prison with a thirty-year parole disqualifier. The judge merged the felony-murder and murder convictions. On the armed-robbery conviction, he sentenced defendant to a twenty-year consecutive term with a ten-year parole disqualifier. On the hindering conviction, the judge sentenced defendant to a five-year concurrent term with a two-and-one-half-year parole disqualifier. On the conviction for possession of a weapon for an unlawful purpose, the judge sentenced defendant to a ten-year concurrent term with a five-year parole disqualifier. On the conviction for unlawful possession of a weapon, the judge sentenced defendant to a five-year concurrent term with a two-and-one-half-year parole disqualifier.

Defendant filed a direct appeal. We affirmed his convictions and sentence. State v. McCray, No. A-0889-91 (App. Div. June 7, 1994). The

2

Supreme Court denied defendant's petition for certification. <u>State v. McCray</u>, 164 N.J. 560 (2000). Defendant twice petitioned the trial court for post-conviction relief. The trial court denied the first petition in 2003 and dismissed as untimely the second petition in 2015.

Defendant moved to correct an illegal sentence. The trial court denied that motion in an April 9, 2021 order. Appealing that order, defendant argues:

<u>POINT I</u> THE HEARING COURT ERRED BY FINDING AGGRAVATING FACTOR ONE WAS PROPERLY CONSIDERED BY THE SENTENCING COURT.

<u>POINT II</u> THE HEARING COURT ERRED BY AFFIRMING DEFENDANT'S CONSECUTIVE SENTENCES.

<u>POINT III</u> THE HEARING COURT ERRED BY NOT FINDING AN ILLEGAL SENTENCE DUE TO FAILURE TO MERGE CONVICTIONS.

<u>POINT IV</u> AT DEFENDANT'S RESENTENCING, THE SENTENCING COURT SHOULD CONSIDER THE REHABILITATION EFFORTS MADE BY THE DEFENDANT WHILE INCARCERATED.

Because they are not about the illegality of his sentence, defendant's first two arguments are time-barred. A defendant may file "at any time" a motion "correcting a sentence not authorized by law . . . ." <u>R.</u> 3:21-10(b)(5). Otherwise,

3

except under specific circumstances not applicable here, a defendant must move "to reduce or change a sentence . . . not later than [sixty] days after the date of the judgment of conviction." R. 3:21-10(a).

Our Supreme Court has identified and narrowly defined "two categories of illegal sentences:  those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019).  Defendant's arguments about consideration of an aggravating factor and the consecutive running of sentences do not fall within those limited categories.  "[E]ven sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Id. at 145.

Instead, challenges to sentences based on aggravating factors or the consecutive running of sentences must be raised in a direct appeal. State v. Acevedo, 205 N.J. 40, 47 (2011) (finding "contentions regarding consecutive sentences . . . do not relate to the issue of sentence 'legality'"); State v. Flores, 228 N.J. Super. 586, 595-96 (App. Div. 1988) (finding the sentencing judge's alleged errors regarding aggravating and mitigating factors and the consecutive running of sentences were "subject to correction only on direct appeal" and that

4

defendant's arguments related to the "excessive[ness], but not the illegal[ity]" of the sentence). In fact, defendant argued in his direct appeal the judge had abused his discretion in imposing consecutive sentences for the murder and armed-robbery convictions. We rejected that argument and affirmed. McCray, slip op. at 6-7.

Defendant's third argument is equally unavailing. Defendant faults the sentencing judge for first merging the felony-murder conviction with the murder conviction instead of merging the armed-robbery conviction with the felony-murder conviction and then merging the felony-murder conviction with the murder conviction. Defendant contends "[t]here is no legal basis for making the merger of the felony murder with the murder conviction first" and that "it is more logical" to merge first the armed-robbery conviction with the felony-murder conviction. Long-standing Supreme Court precedent tells us otherwise.

In State v. Brown, the Court faulted the trial court for doing exactly what defendant proposes here – merging armed-robbery convictions with felony-murder convictions and then merging the felony-murder convictions with murder convictions – and directed the trial court on remand to resentence the defendant, merging the felony-murder convictions with the murder convictions

A-2621-20

and not merging the armed-robbery convictions. 138 N.J. 481, 560-61 (1994).

The Court held:

> Once defendant had been convicted of purposeful and knowing murder for the criminal homicide of each victim, his conviction for felony murder became "surplusage" because that offense imposes criminal liability for the homicide committed in the course of a felony in the event that intent for the homicide cannot be proved. See State v. Stenson, 174 N.J. Super. 402, 406-07 (Law Div. 1980), aff'd, 188 N.J. Super. 361 (App. Div. 1982), . . . . Furthermore, because defendant's felony-murder convictions merge into his convictions for purposeful and knowing murder, the armed-robbery convictions do not merge because proof of the armed-robbery offenses is not necessary to sustain defendant's convictions for purposeful and knowing murder.

See also State v. Russo, 243 N.J. Super. 383, 411 (App. Div. 1990) (rejecting defendant's merger argument, we held "[b]ecause defendant was convicted not only of felony murder but also purposeful and knowing murder, the felony murder conviction was 'surplusage' and thus the underlying felony of robbery was not required to be merged into it").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-2621-20