204 N.J. Super. 409 (1985)
499 A.2d 231
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANKLIN HICKMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 6, 1985.
Decided May 24, 1985.
*411 Before Judges DREIER and SHEBELL.
Joseph H. Rodriguez, Public Defender, attorney for appellant (Brenda McElnea, designated attorney, on the brief).
Irwin I. Kimmelman, Attorney General, attorney for respondent (Michael Weinstein, Deputy Attorney General, on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
Defendant was charged in a one-count indictment with committing "robbery upon Clinton Crush, Jr., Willie [Bittel] and the Salem Package Store while armed" with a handgun in violation of N.J.S.A. 2C:15-1. He was convicted by a jury and sentenced to a term of 18 years with six years of parole ineligibility. Defendant appeals alleging:

Point I  The circumstances of the out-of-court photographic identification procedure and the subsequent line-up identification procedure were so prejudicial as to taint the conviction of defendant, and the trial court erred in failing to suppress such evidence.

Point II  The trial court erred in admitting the in-court identification of defendant by William Bittel and Clinton Crush because the identification was tainted by the impermissibly suggestive out-of-court identification.

Point III  The trial court's denial of the motion to exclude defendant's prior criminal record constituted an abuse of discretion so prejudicial to the rights of the defendant as to require that the judgment be reversed.

Point IV  The Prosecutor's misuse of defendant's prior convictions and his testimony during summation denied defendant of a fair trial and the conviction should be reversed.

Point V  It was reversible error for the trial court to have permitted the prosecutor to argue to the jury that adverse inferences could be drawn from the defendant's failure to produce witnesses other than Carol Munyan to substantiate his whereabouts at a time subsequent to the time at which the robbery had taken place.

*412 Point VI  It was reversible error for the trial court to have denied defense counsel's motion for a new trial because the court had improperly permitted the prosecution to argue that adverse inferences could be drawn by the jury for defendant's failure to produce witnesses in addition to Carol Munyan.
We find no merit to defendant's arguments that the circumstances of the out-of-court photographic identification procedure and the subsequent line-up at the jail were so prejudicial as to taint the conviction of the defendant and that the trial court erred in permitting the in-court identification of defendant by Bittel and Crush. The record will not support a conclusion that there was a substantial likelihood of misidentification based upon an unnecessarily suggestive procedure. Neil v. Biggers, 409 U.S. 188, 198-201, 93 S.Ct. 375, 381-83, 34 L.Ed.2d 401, 410-12 (1972). Viewing the evidence as a whole it cannot be said that the evidence leads forcefully to the conclusion that either the out-of-court or in-court identifications were not those of the eye witnesses but were imposed by impermissibly suggestive police action thereby requiring exclusion. State v. Farrow, 61 N.J. 434, 446-53 (1972), cert. den. 410 U.S. 937, 93 S.Ct. 1396, 33 L.Ed.2d 602 (1973); State v. Thompson, 59 N.J. 396, 418-19 (1971).
Defendant contends that the admission of two previous convictions on which he was sentenced in 1980 were improperly ruled to be admissible, when he testified in 1983, as affecting his credibility. These convictions for resisting arrest, assault and battery upon a police officer, burglary and larceny were highly relevant. The ruling of the trial court clearly was not an abuse of discretion. State v. Sands, 76 N.J. 127, 144 (1978).
Defendant maintains that the prosecutor in summation improperly commented on his past record of assaults to bolster Bittel's claim that fear of defendant made him reluctant to identify the defendant when his deposition was taken. After summation was completed, defense counsel objected to those comments and asked for a curative instruction, which was given. The jury was specifically told that they should not consider defendant's prior record in the context of Bittel being fearful of the defendant and that they could only consider it in *413 evaluating defendant's credibility. Defense counsel took no exception to this charge and did not ask that it be supplemented. The prosecutor's comments taken in their totality, particularly in light of the court's curative instruction, were not capable of depriving the defendant of a fair trial. R. 2:10-2; see Marshall v. Lonberger, 459 U.S. 422, 438 & n. 6, 103 S.Ct. 843, 853 n. 6, 74 L.Ed.2d 646, 661-62 & n. 6 (1983); Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431, 436-37 (1974).
Defendant claimed he was elsewhere when the robbery occurred. He complains that the prosecutor commented on his failure to produce certain witnesses to corroborate his whereabouts. Defendant had stated that on the evening of the robbery he was with a girlfriend and was later engaged in a ten minute conversation with Carol Munyan, a long time friend. He testified that about half a dozen other persons were present during this conversation. The prosecutor commented to the jury on defendant's failure to produce these other persons. This was after defense counsel in summation allegedly referred to Carol Munyan as an alibi witness. The prosecutor noted that defendant produced only persons close or friendly to him but not other witnesses he might have called. He asked the jury to consider "why aren't they here testifying today."
Defendant disputes that his counsel referred to Carol Munyan as an alibi witness, however, the trial court concluded that the reference was made and the record, while subject to varying interpretations, is capable of supporting this conclusion of the prosecutor and the trial judge.
Defendant contends that under State v. Clawans, 38 N.J. 162 (1962) and United States v. Blakemore, 489 F.2d 193 (6th Cir.1973) it is improper to urge the jury to draw an adverse inference because of defendant's failure to produce witnesses unless the court first finds that the absent witnesses were particularly within the power of the defendant to produce and that the witnesses' testimony would "elucidate" the facts in issue.
*414 Clawans did not deal with the comments of a prosecutor but rather dealt with the court's refusal to instruct the jury that the State's failure to produce a witness supported an inference that no conversation took place as alleged by the State. 38 N.J. at 170. However, our Supreme Court held in State v. Carter, 91 N.J. 86, 128 (1982) that the Clawans' procedure "should be followed if comments are to be made in summation."
In Blakemore, a federal court held the trial judge must first find there is an indication of a relationship between the defendant and the witnesses and "that the anticipated testimony of the uncalled witnesses will `elucidate the transaction'" before prosecutorial comment is proper. 489 F.2d at 195-96. In Blakemore, however, the record was barren of any facts from which these elements might be gleaned. Id. at 196. Here, we find that the facts fairly support the prosecutor's remarks and that his comments were not unduly prejudicial so as to require reversal. See Carter, 91 N.J. at 128-29.
In the future trial courts should carefully consider all of the circumstances and restrict comments of counsel to those instances where the court first determines on the record (1) that the uncalled witness is peculiarly within the control or power of only the one party, or that there is a special relationship between the party and the witness or the party has superior knowledge of the identity of the witness or of the testimony the witness might be expected to give; (2) that the witness is available to that party both practically and physically; (3) that the testimony of the uncalled witness will elucidate relevant and critical facts in issue, and (4) that such testimony appears to be superior to that already utilized in respect to the fact to be proven. See State v. Carter, 91 N.J. at 127; State v. Clawans, 38 N.J. at 171; Wynn v. United States, 397 F.2d 621, 625 (D.C. Cir.1967); Pennewell v. United States, 353 F.2d 870, 871 (D.C. Cir.1965); see also State v. Sinclair, 49 N.J. 525, 549 (1967).
Defendant, for the first time on appeal, argues that the State did not establish that a real gun was used in the robbery *415 and that it was error for the court to charge first degree robbery. This contention is untenable. The robbery occurred on December 28, 1982 almost a year after the Legislature, effective January 4, 1982, amended N.J.S.A. 2C:11-1c to define "deadly weapon" to include any instrument or material which would lead the victim reasonably to believe it to be capable of producing death or serious bodily injury.
The testimony was clear that defendant pulled a revolver from his pocket and stuck it in Crush's face. Crush described the weapon as "nickle-plated[,] small caliber, short barrel, looked like about two inch[es]." Although the gun was not recovered, the court properly found that a handgun was used in the perpetration of the robbery thereby requiring the parole ineligibility provided for in the Graves Act. N.J.S.A. 2C:43-6c; State v. Gantt, 195 N.J. Super. 114, 117-19 (App.Div. 1984), certif. granted 101 N.J. 220 (1985). The sentence imposed by the court was justified in view of the defendant's criminal background and the serious nature of the offense. State v. Roth, 95 N.J. 334 (1984).
We affirm defendant's convictions and sentence.