**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3744-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEFFREY T. MORTON,

     Defendant-Appellant.

_____

Argued October 29, 2024 – Decided December 23, 2024

Before Judges Smith and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. MA-22-017.

Christina Vassiliou Harvey argued the cause for appellant (Lomurro Munson, LLC, attorneys; Peter H. Lederman, of counsel; Christina Vassiliou Harvey, of counsel and on the briefs).

Melinda A. Harrigan, Assistant Prosecutor, argued the cause for respondent (Raymond S. Santiago, Monmouth County Prosecutor, attorney; Melinda A. Harrigan, of counsel and on the brief).

PER CURIAM

Defendant Jeffrey Morton appeals the Law Division order denying his de novo appeal. After a motor vehicle stop, defendant was charged in municipal court with N.J.S.A. 39:4-50, driving under the influence (DWI), among other motor vehicle violations. Defendant moved to suppress the motor vehicle stop and arrest. After a suppression hearing in which the arresting officer testified and the court reviewed the mobile video recording (MVR) from the police vehicle, the municipal court denied the motion. In the resultant trial, the municipal court found defendant guilty of DWI pursuant to N.J.S.A. 39:4-50. Defendant appealed to the Law Division, which, on de novo review, affirmed denial of the suppression motion and, after a trial, again found defendant guilty of DWI.

On appeal, defendant contends, among other things, that the Law Division: should have granted the suppression motion; should have drawn an adverse inference against the State at trial when a police officer was not called to testify; and the Law Division judge exhibited bias toward him when it inquired into Alcotest results not admitted into evidence. We affirm.

I.

We glean the pertinent facts and procedural history from the record. Around midnight, on May 30, 2021, defendant was driving in the rain on Route

9 in Freehold Township. Lt. L.A. Loos and Police Officer Zachary Pittius were on duty patrolling when they noticed a silver Chevrolet Silverado driven by defendant, "start[ing] to list over to the left[,] over the solid yellow line in the left lane...." Officer Pittius then pulled directly behind defendant and observed him drive the Silverado left over the solid yellow line. Officer Pittius observed defendant cross the solid yellow line three more times over the next 20 seconds. He noted that the car "almost hit the grass median."

Shortly after, Officer Pittius activated his lights and conducted a motor vehicle stop. After defendant stopped, both Lt. Loos and Officer Pittius approached the vehicle. Officer Pittius identified himself and asked defendant for his license, registration and insurance. Defendant provided the requested documents, however, the officers noted defendant's movements were "a little slow." While speaking to defendant, Officer Pittius smelled an odor of alcohol emanating from the vehicle and on defendant's breath. Based on these observations, he asked defendant to step out of the car to administer a field sobriety test, which the officers performed.

The record shows that Lt. Loos and Officer Pittius observed that defendant failed to: touch his heel to toe while attempting to perform the walk and turn test; failed to keep his balance while performing the one leg test; and failed to

3

recite a segment of the alphabet as instructed. Along with the officers' observations, the mobile video recording (MVR) captured defendant's driving before the stop and the field sobriety test.

Based on his observations and defendant's performance, Officer Pittius determined that the defendant was under the influence and placed the defendant under arrest. Defendant was then transported to the police station. En route, Officer Pittius continued to smell a strong odor of alcohol coming from the rear passenger seat where defendant was sitting. Once at the police station and while defendant was being processed, Officer Pittius continued to smell the odor of alcohol on defendant. At the station, an Alcotest was administered to defendant.

Defendant was charged in municipal court with: Driving While Intoxicated (DWI), N.J.S.A. 39:4-50; Failure to Maintain Lane, N.J.S.A. 39:4-88; and Reckless Driving, N.J.S.A. 39:4-96. Prior to trial, defendant moved to suppress the motor vehicle stop, arrest, and the Alcotest results. The State did not introduce the Alcotest results at the municipal court trial, relying instead on the observational testimony of Officer Pittius.

The municipal court heard the testimony of Officer Pittius, viewed the MVR evidence, and then denied the motion to suppress and found defendant guilty of DWI. The municipal court found: Officer Pittius credible; that he had

reasonable suspicion for the vehicle stop; and that defendant had been operating a vehicle under the influence of alcohol. The municipal court found defendant guilty of violating N.J.S.A. 39:4-50.

Defendant appealed to the Law Division. At the hearing, the court asked counsel why defendant's Alcotest results weren't admitted into evidence. The State replied, informing the court that Lt. Loos was observed on video improperly using his cellphone while inside the Alcotest room. The State explained that was the reason that it would not proffer the Alcotest results in the affirmative case against defendant.

Consequently, the State proffered observation testimony from Officer Pittius and the MVR footage. Trial counsel raised objections and requested an adverse inference be drawn against the State because Lt. Loos was not called to testify. The Law Division denied the motion to suppress, declined to give an adverse inference, and again found defendant guilty under N.J.S.A. 39:4-50.

In its written statement of reasons, the Law Division found the State met its burden to show Officer Pittius was justified in stopping defendant's vehicle, because: there was reasonable and articulable suspicion that defendant operated his vehicle in violation of the law; there was reasonable suspicion that defendant

operated a motor vehicle under the influence, and there was probable cause to arrest defendant for a violation of N.J.S.A. 39:4-50.

Defendant appealed, arguing the following points:

> A. WHETHER THE STOP MADE BY POLICE OFFICER PITTIUS WAS VALID UNDER STATE V. BOONE, 479 N.J. SUPER. 193 (APP. DIV. 2024).
>
> B. THIS COURT SHOULD REVERSE BECAUSE DEFENDANT'S RIGHTS UNDER THE CONFRONTATION CLAUSE WERE VIOLATED.
>
> C. THE DE NOVO COURT DEMONSTRATED BIAS BY INQUIRING INTO MATTERS THAT EXCEEDED THE SCOPE OF THE HEARING.
>
> D. THE DE NOVO COURT ERRED IN DENYING DEFENDANT'S REQUEST FOR AN ADVERSE INFERENCE.
>
> E. THE DE NOVO COURT ERRED IN AFFIRMING THE ARREST AND CONVICTION GIVEN OFFICER PITTIUS DID NOT COMPLY WITH THE SCORING PROTOCOLS FOR ADMINISTERING THE STANDARIZED FIELD SOBRIETY TESTS.

## II.

We summarized our "two-court" standard of review in State v. Triosi:

> Our review of a de novo decision in the Law Division is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). We do not independently assess the evidence as if we were the court of first instance. State v. Locurto, 157 N.J. 463, 471 (1999). Rather, we focus our review on "whether there is 'sufficient

6

credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). Deference is especially appropriate when, as here, two separate courts have examined the facts and reached the same conclusion. Under the two-court rule, we do not ordinarily alter concurrent findings of fact and credibility determinations made by two prior courts absent a very obvious and exceptional showing of error. Locurto, 157 N.J. at 474 (citation omitted). The trial court's legal rulings, however, are considered de novo. Robertson, 228 N.J. at 148. A "trial court's interpretation of the law and the consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

[471 N.J. Super. 158, 164 (App. Div. 2022).]

If issues are raised for the first time on appeal, we review them under the plain error standard. R. 2:10-2. "Under that standard, an unchallenged error constitutes plain error if it was 'clearly capable of producing an unjust result.'" State v. Singh, 245 N.J. 1, 13 (2021) (citing R. 2:10-2).

### III.

### A.

We first consider defendant's claim that the Law Division judge erred when it found that Officer Pittius had a reasonable and articulable suspicion of a motor vehicle violation before stopping defendant's vehicle. Defendant argues

that under <u>State v. Boone</u>[1], 479 N.J. Super. 193 (2024), a police officer must include particularized, credible details to justify an initial motor vehicle stop and that factors such as driving conditions, the size of the vehicle, the number of times the vehicle travels outside the lane and the amount of time the vehicle continued outside of the lane must be considered. Defendant argues that Officer Pittius failed to meet these criteria and therefore, the Law Division should have granted his suppression motion. We are unpersuaded.

It is well settled that law enforcement officers "may stop motor vehicles where they have a reasonable and articulable suspicion that a motor vehicle violation has occurred." <u>State v. Murphy</u>, 238 N.J. Super. 546, 553 (App. Div. 1990). "To establish reasonable suspicion, 'the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' the suspicion." <u>State v. Pitcher</u>, 379 N.J. Super. 308, 315 (App. Div. 2005) (quoting <u>State v. Pineiro</u>, 181 N.J. 13, 19 (2004)).

Here, Officer Pittius noticed defendant "start[ing] to list over to the left over the solid yellow line in the left lane of Route 9." After pulling behind him he noticed the defendant drive his vehicle over the yellow line of the left lane.

---

[1] Pursuant to <u>Rule</u> 2:6-11(d)(1), defendant properly filed a letter with a brief indication of its significance, calling to the court's attention a relevant published opinion after the filing of the brief.

This occurred three more times over a short amount of time. Notably, the car "almost hit the grass median". Both trial judges found Officer Pittius' testimony credible. His testimony, combined with the MVR footage corroborated his observation that defendant violated N.J.S.A. 39:4-88.

We do not independently assess the evidence after both the municipal court and the Law Division have tried this matter. Triosi, 471 N.J. Super at 164. We consider the ample record and conclude there is sufficient credible evidence in it to support the Law Division's finding that Officer Pittius had reasonable suspicion that defendant violated N.J.S.A. 39:4-88. Ibid. We discern no error.

B.

Defendant next argues the Law Division violated his rights under the Confrontation Clause of the United States and the New Jersey Constitution because it considered evidence beyond the scope of the municipal court record, specifically a police report and Alcotest results. We are not persuaded.

Both the Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution provide that the accused in a criminal prosecution has the right "to be confronted with the witnesses against him." State v. Branch, 182 N.J. 338, 348 (2005) (citing the U.S. Const. amend. VI and N.J. Const. art. I, ¶ 10). The right of confrontation is an essential part of

the right to a fair trial, requiring that a defendant have a "'fair opportunity to defend against the States accusations.'" State v. Garron, 177 N.J. 147, 169 (2003) (quoting Chambers v. Mississippi, 410 U.S. 284, 294 (1973)).

In New Jersey, it is error to rest a decision on matters not appearing in the record. Second Reformed Church v. Bd. of Adjustment of Borough of Freehold, 30 N.J. Super. 338, 341 (App. Div. 1954). However, "'a judge sitting as the factfinder is certainly capable of sorting through admissible and inadmissible evidence without resultant detriment to the decision-making process . . . .'" State v. Medina, 349 N.J. Super. 108, 130 (App. Div. 2002) (citing State v. Kern, 325 N.J. Super. 435, 444 (App. Div. 1999)). Nonetheless, a matter should be reversed when inadmissible evidence is used to implicate a defendant's guilt. State v. Weaver, 219 N.J. at 152 (quoting Branch, 182 N.J. at 351).

The record shows the Law Division never saw the police report and found the report was not in evidence before the municipal court. After hearing argument from trial counsel, the Law Division clearly stated that it would not consider the report on the de novo appeal.

Next, the Law Division inquired about why defendant's Alcotest results were not admitted before the municipal court. The State explained that Lt. Loos was captured on video using his cellphone in the Alcotest room, and that such

use was a violation of State v. Chun, 194 N.J. 54 (2008), which in turn caused the State to refrain from using the results at defendant's trial. Continuing the colloquy, the State confirmed before the Law Division that it chose to prosecute the case against defendant based on officer observations alone. Finally, the Law Division made quite plain on the record that defendant's Alcotest results were not in evidence.

There is nothing in the record to suggest that the Law Division considered either the police report or the Alcotest results in making its suppression motion or trial findings. The Law Division carefully grounded its findings on the credible observational testimony of Officer Pittius and the MVR footage, and the record clearly shows the court was "capable of sorting through admissible and inadmissible evidence without resultant detriment to the decision-making process . . . ." Medina, 349 N.J. Super. at 130. We discern no error.

## C.

We consider defendant's claim that the Law Division showed bias against him by inquiring as to why the Alcotest evidence was not admitted. Rule 1:12-1 provides, in pertinent part:

> The judge of any court shall be disqualified on the court's own motion and shall not sit in any matter . . . .
>
> . . . .

11

(g) when there is any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so

Similarly, the Code of Jud. Conduct r. 3.17(B) provides, in pertinent part:

Judges shall disqualify themselves in proceedings in which their impartiality or the appearance of their impartiality might reasonably be questioned, including but not limited to the following:

Personal bias, prejudice or knowledge. Judges shall disqualify themselves if they have a personal bias or prejudice toward a party or a party's lawyer or have personal knowledge of disputed evidentiary facts involved in the proceeding.

"Any party, on motion made to the judge before trial or argument and stating the reasons therefor, may seek that judge's disqualification." R. 1:12-2. "A movant need not show actual prejudice; 'potential bias' will suffice." Goldfarb v. Solimine, 460 N.J. Super. 22, 31 (App. Div. 2019), aff'd as modified and remanded, 245 N.J. 326 (2021). "[J]udges must avoid acting in a biased way or in a manner that may be perceived as partial." DeNike v. Cupo, 196 N.J. 502, 514 (2008) (emphasis in original). "[B]ias is not established by the fact that a litigant is disappointed in a court's ruling on an issue." State v. Marshall, 148 N.J. 89, 186 (1997). "[T]he belief that the proceedings were unfair must be objectively reasonable." Id. at 279.

Here, the Law Division did inquire as to why the Alcotest was not admitted into evidence. However, the court's inquiry, without more, cannot form a basis to conclude it was biased toward defendant. Our careful review of the record reveals no facts to support defendant's theory that the Law Division took note of the State's strategic choice not to introduce defendant's Alcotest results and then used that information in its analysis of whether defendant violated N.J.S.A. 39:4-50. We decline to engage in the speculation required to sustain this argument, and again we discern no error.

D.

We turn to defendant's argument that the judge erred by refusing to give an adverse inference charge pursuant to State v. Clawans, 38 N.J. 162, 170 (1962). Defendant contends that the State should have called Lt. Loos to testify because he was within the State's control, had superior knowledge to Officer Pittius on the administration of the scoring of the standardized field sobriety test, was available within the court, and had information that was crucial to the suppression motion and trial. We disagree.

Defendant did not raise this issue at trial, consequently, we use a plain error standard of review. R. 2:10-2.

In State v. Hill, the Court explained a trial judge may provide an adverse inference charge after considering and making findings based on the following circumstances:

> (1) that the uncalled witness is peculiarly within the control or power of only the one party, or that there is a special relationship between the party and the witness or the party has superior knowledge of the identity of the witness or of the testimony the witness might be expected to give; (2) that the witness is available to that party both practically and physically; (3) that the testimony of the uncalled witness will elucidate relevant and critical facts in issue[;] and (4) that such testimony appears to be superior to that already utilized in respect to the fact to be proven.
>
> [199 N.J. 545, 561 (2009) (quoting State v. Hickman, 204 N.J. Super. 409, 414 (App. Div. 1985)).]

An adverse inference charge is not "invariably available whenever a party does not call a witness who has knowledge of relevant facts." Washington v. Perez, 430 N.J. Super. 121, 128 (App. Div. 2013) (quoting Hill, 199 N.J. at 561). In many cases the only rational inference to be drawn is the witness's testimony would not have been helpful to the trier of fact. State v. Velasquez, 391 N.J. Super. 291, 308 (App. Div. 2007) (citation omitted). Where the witness's testimony is unimportant, cumulative, or inferior to testimony already presented on the issue, it is reasonable to infer that non-production is explained by the fact that the testimony is unnecessary. Id. at 308-09 (citing Clawans, 38 N.J. at 171).

14

Defendant failed to show an adverse inference was warranted on these facts. Officer Pittius and Lt. Loos both observed defendant's behavior and performance on the field sobriety test, and Loos' testimony in these areas would have been cumulative. The record shows that Lt. Loos' primary role in this matter was administration of the Alcotest, the results of which the State chose not to use at trial.

We agree with the Law Division, which noted defendant could have called Lt. Loos as a defense witness. It follows that there was no prejudice to defendant. The court properly applied the principles of Clawans to reject defendant's request for an adverse inference.

E.

Finally, we address defendant's argument that Officer Pittius failed to use the proper field sobriety test scoring factors, and that this deficiency negates probable cause.

Although Officer Pittius was not well versed in the scoring factors, both the municipal court and the Law Division found Officer Pittius' observational testimony credible. Additionally, both courts cited specific facts in the record to support their findings. Those facts included: Officer Pittius' observation of defendant's driving; his detection of alcohol odor coming from defendant's

15

vehicle; his detection of alcohol odor coming from defendant; his detection of alcohol odor coming from the back seat of the police car during defendant's transport to the police station; and the MVR footage of defendant attempting to perform the field sobriety tests.

Both courts reached their probable cause findings based on the totality of the evidence in the record. Neither court found Officer Pittius' lack of experience scoring the field sobriety test hurt his overall credibility. Our jurisprudence calls for deference "when, as here, two separate courts have examined the facts and reached the same conclusion." Triosi, 471 N.J. Super. at 164. We exercise that deference here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION